OPINION *Page 2 
{¶ 1} Defendant-appellant Eric Scott Patterson appeals the September 15, 2008 Judgment of the Muskingum County Court of Common Pleas, which convicted and sentenced him on one count of involuntary manslaughter (based upon misdemeanor child endangering). The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE[1] {¶ 2} Appellant was convicted of involuntary manslaughter in 1997. His conviction was overturned by the United States Sixth Circuit Court of Appeals in 2003. In 2004, Appellant was retried, but that trial resulted in a mistrial. Following further appeals, the matter was again placed on the trial court's docket for retrial.
 {¶ 3} Following plea negotiations, on July 21, 2008, Appellant entered a guilty plea to involuntary manslaughter based upon an underlying misdemeanor charge of endangering children. Appellant was advised pursuant to Crim. R. 11 before the plea was accepted. The plea agreement included a sentencing recommendation by the State which the trial court advised Appellant it was not obligated to follow. Appellant does not dispute being so advised.
 {¶ 4} Sentencing was set for September 8, 2008. After the trial court indicated it was not inclined to follow the State's recommendation, the trial court sentenced Appellant to ten years in prison with credit for time served. Whereupon Appellant orally requested to withdraw his plea. Although the trial court never explicitly overruled Appellant's oral request nor entered a judgment entry denying same, it is clear from the context the trial court effectively overruled Appellant's request. Thereafter, Appellant's *Page 3 
counsel advised the court of an error in its oral pronouncement of sentence which the trial court acknowledged and corrected.
 {¶ 5} It is from the trial court's entry of conviction and sentence filed September 15, 2008, Appellant prosecutes this appeal, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENDANT-APPELLANT TO WITHDRAW HIS PLEA TO AN OFFENSE NOT CHARGED IN THE INDICTMENT (INDICTMENT, PLEA FORM, PLEA HEARING TRANSCRIPT, SENTENCING HEARING TRANSCRIPT, JUDGMENT ENTRY).
 {¶ 7} "II. THE DEFENDANT-APPELLANT'S CONVICTION IS VOID (ID.)."
 I II {¶ 8} Because Appellant's two assignments of error are interrelated, we shall address them together.
 {¶ 9} Crim. R. 32.1 addresses the withdrawal of a plea and provides:
 {¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} Because Appellant's request came after pronouncement of sentence[2], we find the appropriate standard is withdrawal only to correct a manifest injustice. Appellant argues a manifest injustice exists because involuntary manslaughter predicated upon child endangering is not a lesser-included offense of the original *Page 4 
indictment for murder. As such, Appellant asserts, the amendment of the indictment was impermissible and rendered it defective; therefore, void. We disagree.
 {¶ 12} Because the amendment was part of a negotiated plea agreement, it matters not whether the amended charge was a lesser-included offense of the original charge. To hold otherwise violates the invited error doctrine. Furthermore, by not objecting to the amendment before the guilty plea was entered, Appellant has waived his right to assert error therein.
 {¶ 13} Finally, we note Crim. R. 11(F) contemplates such an amendment in negotiated pleas in felony cases. It provides:
 {¶ 14} "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or moreother or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court" (Emphasis added).
 {¶ 15} Accordingly, an amendment in negotiated plea felony cases is not limited to lesser included offenses.
 {¶ 16} Appellant's first and second assignments of error are overruled. *Page 5 
 {¶ 17} The judgment of the Muskingum County Court of Common Pleas is affirmed.
 Hoffman, P.J., Edwards, J., and Delaney, J., concur. *Page 6 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A rendition of the facts is unnecessary for our resolution of this appeal.
[2] We recognize the sentence had not yet been journalized. *Page 1