IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                :      Case No.   12CA22 & 12CA26

    vs.                                :

PATRICIA MARCUM,                        :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.               :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      William T. Cramer, 470 Olde Worthington Road, Ste. 200,
                           Westerville, Ohio 43082

COUNSEL FOR APPELLEE:       Laina Fetherolf, Hocking County Prosecuting Attorney, 88
                           South Market Street, Logan, Ohio 43138

_____

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 5-6-13
ABELE, J.

{¶ 1}   This is a consolidated appeal from several Hocking County Municipal Court

judgments of conviction and sentence.   Patricia L. Marcum, defendant below and appellant

herein, (1) admitted that she violated the terms of her probation in one case, and (2) pled guilty in

another case to the obstruction of official business in violation of R.C. 2921.31(A).

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE MUNICIPAL COURT ABUSED ITS DISCRETION BY
ORDERING APPELLANT TO HAVE NO CONTACT WITH

HER SPOUSE AS A CONDITION OF COMMUNITY
CONTROL."
SECOND ASSIGNMENT OF ERROR:

"THE NO-CONTACT ORDER VIOLATES THE DUE PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT BY
ENCROACHING ON APPELLANT'S FUNDAMENTAL
CONSTITUTIONAL FREEDOM TO MARRY."

**{¶ 3}** In 2010, appellant was charged with: (1) obstruction of official business in violation of R.C. 2921.31, and (2) abuse of the 911 system in violation of R.C. 4931.49. Appellant initially pled not guilty, but later agreed to plead guilty. The trial court accepted her plea and imposed a variety of community control sanctions, including an order to "[s]tay away from [her husband] James Marcum." Appellant appealed the latter part of that sentence and we reversed the judgment. See *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572 (*Marcum I*). On remand, the trial court re-entered judgment without including an order that appellant have no contact with her husband.

**{¶ 4}** Subsequently, appellant was charged with a probation violation. Appellant, pursuant to a plea agreement, admitted guilt and the trial court imposed a partially suspended jail sentence. Appellant timely appealed that judgment (Case No. 12CA22).

**{¶ 5}** On May 8, 2012, in a separate case, appellant was, once again, charged with obstructing official business in violation of R.C. 2921.31(A). Appellant signed a "Plea Agreement" form on October 1, 2012 and consented, inter alia, to having "[n]o contact with James Marcum." That same day the court filed a judgment entry that included the provision. Appellant timely appealed that judgment as well (Case No. 12CA21). However, on November 8, 2012, because the trial court's judgment entry did not contain all the requisite elements of a final judgment under Crim.R. 32(C) or R.C. 2505.02, we dismissed the appeal for the lack of a

final appealable order.   The trial court entered a second judgment on November 14, 2012 and appellant timely appealed that case (Case No. 12CA26).

{¶ 6}   On December 10, 2012, this Court granted appellant's motion to consolidate both appeals.   It appears, however, that the two assignments of error are both directed at the judgment from Case No. 12CA26.

I

{¶ 7}   In her first assignment of error, appellant asserts that the trial court erred by ordering her to "stay away" from her husband, James Marcum, and that the order should be reversed as in *Marcum I*.

{¶ 8}   Initially, we note that our review of the facts in the case sub judice reveal facts very different from *Marcum I*.   Indeed, as the appellee's brief correctly points out, the October 1, 2012 "Plea Agreement" (as a condition of probation) provides that appellant have "no contact with James Marcum."   Appellant and the prosecutor both signed that agreement and the trial court included that provision in the judgment of conviction and sentence.   Our review of the record in *Marcum I*, which is also here on appeal in Case No. 12CA22, reveals no similar provision in the plea agreement in that case.

{¶ 9}   We also recognize that the factual underpinning for the trial court's order in the matter currently under review has changed in light of the various domestic violence convictions that did not exist when we decided the first case.   As such, the posture today is much different than during our previous holding and weighs greatly in favor of affirming the trial court's order on the merits.

{¶ 10}   However, even if we assume, arguendo, that the court erred by ordering appellant

to "stay away" from her husband, "the invited error doctrine" prohibits a party from taking advantage of an error that she, herself, induced the court to make. *State v. Hicks*, 4th Dist. No. 11CA933, 2012-Ohio-3831, at ¶11; *State v. Rizer*, 4th Dist. No. 10CA3, 2011-Ohio-5702, at ¶27. This doctrine applies to errors arising from a negotiated plea agreement. See *State v. Patterson*, 5th Dist. No. CT2008-0054, 2009-Ohio-273, at ¶12; *State v. Robinson*, 8th Dist. No. 90411, 2008-Ohio-3972, at ¶7.

{¶ 11} Consequently, whatever error, if any, that the trial court may have arguably committed with its order to appellant to have no contact with James Marcum, the terms of appellant's plea agreement invited the court to issue the order that she now believes is improper. As such, we do not decide if the trial court erred, but rather that the invited error doctrine bars appellant from raising any such error at this time.

{¶ 12} Accordingly, appellant's first assignment of error is without merit and is hereby overruled.[1]

II

{¶ 13} Appellant's second assignment of error asserts that the order to "stay away from James Marcum" violates her federal constitutional right of marriage. We agree, as an abstract proposition of law, that appellant and her husband have a fundamental right of marriage. See *Loving v. Virginia*, 388 U.S. 1, 12, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). However, we need not, and do not, consider that right here, nor do we address (1) whether this type of an order violates that right, or (2) whether that right – like other rights – could have been waived as part of

---

[1] Interestingly, had this appeal arisen from a felony rather than a misdemeanor, R.C. 2953.08(D)(1) would have barred this assignment of error.

the plea agreement.   Our review of the record reveals that this particular issue was not raised during the trial court proceedings.   It is well settled that appellate courts will not consider constitutional arguments raised for the first time on appeal. *State v. Johnson*, 4th Dist. Nos. Nos. 11CA925, 11CA926, 11CA927, 20012-Ohio-5879, at ¶15; *State v. Cottrill*, 4th Dist. No. 11CA3270, 2012-Ohio-1525, at ¶6. Thus, appellant's second assignment of error is without merit and is hereby overruled.

{¶ 14}  Having considered the assignments of error that appellant assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Marcum*, **2013-Ohio-2189**.]
### JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.