[Cite as *State v. Smith*, 2023-Ohio-3879.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                             No. 112455

    v.                           :

KENNETH SMITH,                    :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 27, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-666158-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Rachel E. Cohen, Assistant Prosecuting Attorney, *for appellee*.

P. Andrew Baker, *for appellant*.

ON RECONSIDERATION[1]:

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Kenneth Smith ("Smith"), appeals from his conviction following a guilty plea. He raises the following assignments of error for review:

> 1. The plea must be vacated because it was not made knowingly, intelligently, and voluntarily under the circumstances of the case.
>
> 2. The no contact order must be vacated.

{¶ 2} After careful review of the record and relevant case law, we affirm Smith's conviction and sentence.

## I. Procedural and Factual History

{¶ 3} On December 15, 2021, Smith was named in a two-count indictment, charging him with rape in violation of R.C. 2907.02(A)(1)(b) (Count 1); and gross sexual imposition in violation of R.C. 2907.05(A)(4). The charges stemmed from allegations that Smith sexually assaulted child victim ("C.V."), when she was under the age of 13 years old.

{¶ 4} On January 25, 2023, Smith expressed his desire to accept the terms of a negotiated plea agreement with the state. Pursuant to the terms of the plea agreement, Smith agreed to plead guilty to an amended count of rape in exchange

---

[1] The original decision in this appeal, *State v. Smith*, 8th Dist. Cuyahoga No. 112455, released on October 26, 2023, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

for the dismissal of Count 2 and the state's agreement to amend Count 1 from a charge of rape in violation of R.C. 2907.02(A)(1)(b) to a charge of rape in violation of R.C. 2907.02(A)(2). By deleting the reference to the victim's age, Smith was no longer subject to substantial penalties afforded under R.C. 2907.02(B) and 2971.03(B), and faced a term of incarceration of 3 to 11 years. The state specified, however, that a condition of the plea agreement was that Smith "have no contact with the victim in this case as well." (Tr. 23.) Finally, the trial court confirmed that if Smith entered a plea of guilty, the court "would sentence [him] to a concurrent period of incarceration, not to exceed" his expected release date in Cuyahoga C.P. No. CR-17-613973-A. (Tr. 24.)

{¶ 5} Following a Crim.R. 11 colloquy, Smith pleaded guilty to rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, as amended in Count 1 of the indictment.

{¶ 6} On February 1, 2023, the trial court sentenced Smith to a ten-year term of imprisonment and designated him as a Tier III sex offender. The sentence was ordered to run concurrently with the sentence previously imposed in Case No. CR-17-613973-A. The court further ordered Smith to "have no contact with the victim or the victim's family."

{¶ 7} Smith now brings this timely appeal.

### A. Crim.R. 11

{¶ 8} In the first assignment of error, Smith argues the trial court failed to ensure that his guilty plea was knowingly, intelligently, and voluntarily made. Smith

contends that he was prejudiced by the trial court's inaccurate explanation concerning the state's ability to amend his indictment to include a sexually violent predator specification and the state's ability to introduce evidence of his prior convictions.

{¶ 9} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 10} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶ 12} The traditional rule, however, is subject to two limited exceptions. *Id.* at ¶ 14-16. Under these two exceptions, no showing of prejudice is required when (1) a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, or (2) a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside

from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id*. at ¶ 16, citing *Nero* at 108.

{¶ 13} Thus, when reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule. *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). As the Supreme Court of Ohio recognized, prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler* at ¶ 17. Accordingly, the questions to be answered are as follows:

> (1) has the trial court complied with the relevant provision of the rule?
>
> (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and
>
> (3) if a showing of prejudice is required, has the defendant met that burden?

*Id*.

{¶ 14} In this case, Smith does not challenge the trial court's compliance with a specific provision of Crim.R. 11. Rather, Smith suggests that "the trial court provided [him] with too much information, specifically, inaccurate information." He explains his position as follows:

> First, at the plea hearing, defendant-Smith was advised by the prosecutor that he would be reindicted on the charges he was facing with the addition of a sexually violent predator specification that would

potentially increase his sentence if convicted, and that the trial court's response indicated that this would happen. (Tr. 27-28.) Later at the plea hearing, the trial court advised defendant-Smith that if he was reindicted with the sexually violent predator specification the jury would hear information about his prior criminal record.

(Appellate brief, pg. 5-6.)

{¶ 15} Smith maintains that the trial court's advisements were inaccurate because "it is unlikely the state could have indicted him with a sustainable charge involving a sexually violent predator specification" because more than 270 speedy-trial days had expired since the time of the original indictment. Smith further states that it is unlikely that a jury would have heard about his prior convictions because the sexually violent predator specification would have been tried to the bench and Evid.R. 404(B) prohibits evidence of prior bad acts.

{¶ 16} It is well settled that "[i]f a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate." *State v. Clarke*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 16. Thus, "when a defendant's guilty plea is induced by erroneous representations as to the applicable law, * * * the plea has not been entered knowingly and intelligently." *State v. Loyd*, 6th Dist. Erie Nos. E-10-055 and E-10-056, 2011-Ohio-2964, ¶ 18; *State v. Davner*, 8th Dist. Cuyahoga No. 104745, 2017-Ohio-8862, ¶ 57 ("when an erroneous understanding of the applicable law induces a defendant's guilty plea, the plea generally is not entered knowingly and intelligently"). "In order to establish the necessary inducement to vacate a guilty plea, the defendant must make a two-part showing. First, the defendant must show that he or she was

misinformed as to the applicable law." *Id.* at ¶ 19. "Second, the defendant must demonstrate that he or she was prejudiced by the misinformation." *Id.* at ¶ 20; *State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 15.

{¶ 17} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 16, quoting *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474 (1990). Prejudice must be established "'on the face of the record.'" *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶ 18} In this case, we are unable to conclude that but for the allegedly erroneous advisement, Smith would not have accepted the terms of the negotiated plea agreement and pleaded guilty to the amended count of rape. As stated, Smith was originally charged with rape in violation of R.C. 2907.02(A)(1)(b) based on allegations that Smith engaged in sexual conduct with C.V., who was less than 13 years of age at the time of the offense.

{¶ 19} Pursuant to R.C. 2907.02(B), a trial court is authorized to sentence a defendant for violating R.C. 2907.02(A)(1)(b) to either life without parole or one of three indefinite sentences pursuant to R.C. 2971.03(B). The Ohio Supreme Court recently clarified this sentencing scheme, stating that "[w]hen a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) to life without parole under R.C. 2907.02(B), R.C. 2971.03(B) provides three possible indefinite sentences that may be imposed instead: 10 years to life, 15 years to life, or 25 years to life."

*State v. Bowers*, 163 Ohio St.3d 28, 2020-Ohio-5167, 167 N.E.3d 947, ¶ 5. The three possible indefinite sentences are set out in R.C. 2971.03(B)(1) which provides:

> [I]f the court does not impose a sentence of life without parole [under R.C. 2907.02(B)], the court shall impose upon the person an indefinite prison term consisting of one of the following:
>
> (a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.
>
> (b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.
>
> (c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

{¶ 20} Under this statutory framework, the default mandatory sentence is ten years to life pursuant to R.C. 2971.03(B)(1)(a), unless the provisions of R.C. 2971.03(B)(1)(b) or (c) are applicable. *State v. Mejia*, 2020-Ohio-6870, 164 N.E.3d 1177, ¶ 22 (6th Dist.).

{¶ 21} Given the severity of the charge and the length of the potential sentence, the record reflects that Smith's decision to accept the terms of the state's plea offer was premised on the agreement to amend Count 1 to a charge of rape in violation of R.C. 2907.02(A)(2), and the court's promise to impose a prison sentence concurrently with Smith's prior case, and not the alleged threat of a reindictment. In fact, defense counsel indicated that Smith's only reservation in accepting the plea

deal was whether the trial court would impose a concurrent prison term at the time of sentencing. (Tr. 22.) The trial court later addressed these concerns by advising the 72-year-old Smith on the record that it "would sentence [him] to a concurrent period of incarceration, not to exceed [his] out date" in his prior case. (Tr. 24.) Although Smith briefly expressed that he wished to proceed with a trial based on his desire to preserve his relationship with C.V., his ultimate decision to move forward with the negotiated plea agreement was not premised on the threat of reindictment. Rather, it was premised on the trial court's statement that Smith would no longer be entitled to the promise of a concurrent sentence if Smith went forward with trial. (Tr. 33-34.) This statement reflected the court's discretionary powers and was consistent with the mandatory language of R.C. 2907.02(B). ("Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section *shall* be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code."). (Emphasis added.)

{¶ 22} Based on the forgoing, we find that irrespective of the court's advisement concerning the state's ability to amend the indictment, Smith cannot demonstrate that he was prejudiced by the alleged misinformation. Smith received the benefit of the negotiated agreement with the state and was sentenced to a concurrent term of imprisonment in exchange for his guilty plea. Accordingly, we conclude that when Smith decided to plead guilty following extensive discussions with his counsel and the court, he did so knowingly, intelligently, and voluntarily.

{¶ 23} The first assignment of error is overruled.

## B. No-Contact Order

{¶ 24} In this second assignment of error, Smith argues the trial court committed plain error by imposing a no-contact order with C.V. or her family because he was sentenced to a prison term. Smith contends that the trial court was not permitted to issue a no-contact order unless it was imposed as a condition of community control.

{¶ 25} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 26} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court addressed the issue presently before this court. In *Anderson*, the trial court imposed both prison terms and a no-contact order. The Supreme Court explained that a trial court may only impose a sentence provided for

by statute, that "Ohio courts have recognized that a no-contact order is a community-control sanction," and the felony-sentencing statutes "reflect that the General Assembly intended prison terms and community-control sanctions to be alternative sanctions" for a felony offense. *Id*. at ¶ 12, 17, 28; *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 43. Thus, *Anderson* held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id*. at ¶ 31. Therefore, "[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id*. at ¶ 1.

{¶ 27} After careful consideration, we find the circumstances presented in this case are distinguishable from those presented in *Anderson*. Significantly, Smith agreed to the no-contact order as part of his plea bargain with the state in this case. Because the no-contact order was a product of a negotiated agreement, the trial court did not commit reversible error by imposing the bargained term. At most, the trial court's inclusion of a no-contact order constituted invited error. *See State v. Clark*, 2d Dist. Montgomery No. 29295, 2022-Ohio-2801, ¶ 13; *State v. Marcum*, 4th Dist. Hocking Nos. 12CA22 and 12CA26, 2013-Ohio-2189, ¶ 11.

{¶ 28} "The doctrine of invited error specifies that a [party] may not 'take advantage of an error which he himself invited or induced.'" *State v. Garrett*, Slip Opinion No. 2022-Ohio-4218, ¶ 203, quoting *Hal Artz Lincoln-Mercury Inc. v. Ford Motor Co.,* 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the

syllabus. This doctrine applies to errors arising from a negotiated plea agreement. *See State v. Patterson*, 5th Dist. Muskingum No. CT2008-0054, 2009-Ohio-273, ¶ 12; *State v. Robinson*, 8th Dist. Cuyahoga No. 90411, 2008-Ohio-3972, ¶ 7; *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 10 (holding a defendant cannot take advantage of an error that he invited through the plea negotiations). Because Smith entered the plea with the understanding that the no-contact order was a condition of the plea agreement, he cannot challenge the trial court's imposition of the no-contact order as being contrary to law.

{¶ 29} The second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR