[Cite as *State v. Ramirez*, 2025-Ohio-1542.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,            :

                                    No. 113988

    v.                                          :

MICHAEL RAMIREZ,                          :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
                AND REMANDED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-681200-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee.*

Gregory T. Stralka, *for appellant.*

LISA B. FORBES, J.:

{¶ 1}   Michael Ramirez ("Ramirez") appeals the trial court's journal entry

sentencing him to a term in prison and, among other things, requiring him to pay

child support while incarcerated.  Ramirez also challenges the trial court's denial of

his motion to withdraw his plea. After reviewing the facts of the case and pertinent law, we affirm the trial court's decisions but vacate the sentence.

## I. Facts and Procedural History

{¶ 2} Ramirez had an "on and off" romantic relationship with a minor that lasted about three years. When the relationship began, Ramirez was 19 years old, and the victim was 15 years old. Ramirez continued a sexual relationship with the victim even after learning her age. This relationship produced a child, who was eight years old when Ramirez was sentenced.

{¶ 3} Resulting from these events, Ramirez pled guilty to attempted unlawful sexual conduct with a minor, a felony of the fifth degree, in violation of R.C. 2923.02 and 2907.04(A). At his change-of-plea hearing on March 7, 2024, the prosecutor explained the terms of the plea. The State would amend the indictment from one count of unlawful sexual conduct with a minor to incorporate the attempt statute. In exchange, Ramirez agreed to enter his plea of guilty. After a thorough Crim.R. 11 plea colloquy, the court accepted Ramirez's plea of guilty.

{¶ 4} At the request of Ramirez's counsel and as agreed to by Ramirez, the court proceeded to sentencing. Ramirez made a statement. In response to the court's questions, Ramirez explained that "child support has been ordered through North Carolina, . . . [Ramirez] directly pay[s] the victim here electronically each month the set amount." The victim spoke at length about her past and present experience with Ramirez.

**{¶ 5}** The trial court sentenced Ramirez to 11 months in prison and, pertinent to this appeal, ordered Ramirez to "make arrangements for ongoing child support to be paid . . . from his assets while . . . imprisoned."[1]

**{¶ 6}** Ramirez appeals, raising the following assignments of error:

> The trial court lacked jurisdiction to order the Appellant to pay child support to the victim while the Appellant was incarcerated.

> Appellant was deprived of his right to a trial when the trial court refused to allow him to withdraw his plea without a hearing.

## II. Law and Analysis

### A. Child-support order

**{¶ 7}** Ramirez asserts that the trial court had no authority to order him to pay child support while imprisoned. Ramirez argues that both Ohio and North Carolina excuse supporting parents from paying child support while incarcerated. The State concedes that "it was improper for the trial court to order Ramirez to pay child support as part of the criminal sentence." We agree.

**{¶ 8}** Our review of felony sentencing is guided by R.C. 2953.08(G)(2), which states this court may "increase, reduce, or otherwise modify a sentence" or "vacate the sentence and remand the matter to the sentencing court for resentencing" upon finding that the sentence is "clearly and convincingly" "contrary to law."

---

[1] The court also ordered Ramirez to have no contact with the victim, imposed a fine and costs, and ordered Ramirez classified as a Tier II sex offender. Ramirez has not challenged any of these penalties on appeal. We note that, as part of the plea negotiations, Ramirez specifically agreed to the no-contact order.

{¶ 9} Upon a felony conviction, courts usually cannot order hybrid sentences — sentences that impose both a prison term and community-control sanctions. Generally, "when a prison term and community control are possible sentences for a particular felony offense . . . the court must impose *either* a prison term or a community-control sanction or sanctions." (Emphasis added.) *State v. Anderson*, 2015-Ohio-2089, ¶ 31 (recognizing that under R.C. 2929.13(B)(1)(a) and (b), a trial court imposing a sentence for a felony four or five may impose either prison time or community-control sanctions, but not both). *See also State v. Beatty*, 2024-Ohio-5684, ¶ 27, quoting *Colegrove v. Burns,* 175 Ohio St. 437, 438 (1964) ("Both crimes and criminal punishments are statutory, and 'the only sentence which a trial court may impose is that provided for by statute.'").

{¶ 10} However, this court has upheld hybrid sentences resulting from a plea negotiation when the defendant "invited" the error by negotiating and agreeing to the plea agreement. *State v. Smith*, 2023-Ohio-3879, ¶ 27-28 (8th Dist.). Under the invited-error doctrine, "a party may not take advantage of an error that he, himself, invited or induced." *Id.*

{¶ 11} This court has previously recognized that requiring a defendant to pay child support is a community-control sanction. *State v. Latimore*, 2015-Ohio-522, ¶ 12 (8th Dist.). Nothing in the record indicates that the State and Ramirez agreed as part of his plea that his sentence would include child support. The State did not mention child support in its recitation of the plea agreement. The State did not ask the court to impose a child-support order at any point in the hearing. Instead, the

court raised the issue of child support unprompted. Since the child-support order was not part of the plea agreement the parties negotiated, the invited-error doctrine does not apply.

{¶ 12} Accordingly, the trial court imposed a sentence that is clearly and convincingly contrary to law when it sentenced Ramirez to pay child support while he was incarcerated along with a prison term.

{¶ 13} Accordingly, we vacate Ramirez's sentence in part, and remand to the trial court to issue a modified journal entry, deleting the order that Defendant pay child support while incarcerated.[2] This mandate does not modify any obligation North Carolina courts may have imposed on Ramirez to pay child support to the victim.

{¶ 14} Ramirez's first assignment of error is sustained.

**B. Ramirez's attempt to withdraw his guilty plea**

{¶ 15} In his second assignment of error, Ramirez asserts that the trial court erred by denying his postsentencing motion to withdraw his guilty plea without holding a hearing. We disagree.

---

[2] We note that no sentencing hearing is required under these circumstances. "Under Crim.R. 43(A), a defendant's presence is not required at any proceeding solely intended to vacate or delete any portion of a sentence, punishment, penalty, or other criminal sanction upon remand from a direct appeal." *State v. Maldonado*, 2023-Ohio-522, ¶ 13 (8th Dist.). "Unless a sentencing modification creates a more onerous sanction, there is no . . . right entitling the defendant to be present at any proceeding, much less a formal hearing, resulting in that sentencing modification." *Id.* at ¶ 3.

{¶ 16} Crim.R. 32.1 states that "a motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Manifest injustice is "evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 2017-Ohio-1049, ¶ 30 (8th Dist.), quoting *State v. Hamilton*, 2008-Ohio-455, ¶ 8 (8th Dist.). Postsentence withdrawal of a guilty plea is warranted "only in extraordinary cases." *State v. Rodriguez*, 2016-Ohio-5239, ¶ 22 (8th Dist.).

{¶ 17} "We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse-of-discretion standard." *State v. D-Bey*, 2021-Ohio-60, ¶ 58 (8th Dist.). We find Ramirez has not demonstrated manifest injustice such that the trial court abused its discretion in denying his request to withdraw his guilty plea.

{¶ 18} Ramirez argues that, by sentencing him to 11 months in prison, the trial court ignored Ohio's sentencing guidelines, which Ramirez claims include "a presumption to use the minimum sanction of incarceration . . . ." Ramirez's disagreement with the length of his sentence is no reason to vacate his guilty plea. "A defendant's change of heart" regarding a guilty plea "is insufficient to demonstrate manifest injustice, particularly where the change of heart is based upon a dissatisfaction with the sentence imposed." *State v. Vinson*, 2016-Ohio-7604, ¶ 44 (8th Dist.). "The court will not permit a defendant to withdraw his guilty plea merely

because he receives a harsher penalty than he subjectively expected." *State v. Mathis*, 2014-Ohio-1481, ¶ 23 (8th Dist.).

{¶ 19} Furthermore, Ramirez's interpretation of Ohio's sentencing guidelines is incomplete; there is no blanket presumption of a minimum sentence. R.C. 2929.11 instructs a court to use "the minimum sanctions *that the court determines accomplish [the] purposes*" of felony sentencing, which include to "protect the public from future crime by the offender . . . and to punish the offender." (Emphasis added.) Attempted unlawful sexual conduct with a minor is a fifth-degree felony; R.C. 2929.14(A)(5) authorizes a prison term between 6 and 12 months for such offenses. The trial court had discretion to determine that an 11-month prison term was the minimum sanction that would protect the public from Ramirez and punish him.

{¶ 20} Ramirez next argues the court's imposition of a sentence "just under the maximum term" and the unlawful child support order indicates the court was "swayed by emotion rather than the law." We disagree. The court's statements at sentencing provide no support for Ramirez's argument. Ramirez fails to explain why only a trial court motivated by emotion could have imposed a sentence of permissible length under R.C. 2929.14(A)(5). Again, we note that the 11-month prison term is authorized by R.C. 2929.14(A)(5). Further, the appropriate remedy for the unlawful child-support order is to vacate that portion of the sentence, as above, not to withdraw Ramirez's plea of guilt.

**{¶ 21}** Ramirez claims the court did not give "full and fair consideration" to his motion to withdraw his plea because it was denied without hearing the day after the State filed its opposition. The burden of establishing manifest injustice to support withdrawing a guilty plea belongs to the defendant. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A hearing on a postsentence motion to withdraw a guilty plea is only necessary "if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Rodriguez*, 2016-Ohio-5239, at ¶ 23 (8th Dist.). Ramirez's motion did not present facts, which if accepted as true, would have allowed him to withdraw his plea. Further, Ramirez filed his motion on April 29, 2024, and the court denied it on May 13, 2024. That the trial court denied Ramirez's motion two weeks after it was filed is not on its face a manifest injustice that justifies withdrawal of his plea.

**{¶ 22}** Finally, Ramirez argues the trial court erred by sentencing Ramirez without a presentence-investigation report ("PSI"). We note that both Ramirez and his trial counsel explicitly requested sentencing without a report. Further, Ramirez asserts no additional facts that a PSI would have provided the court, justifying withdrawal of his plea. Ramirez's claim that a PSI would have provided "more detailed background on the actual nature of the relationship between the Appellant and the victim" ignores the court's thorough inquiry on this topic. Both Ramirez and the victim attended the sentencing hearing and answered the court's numerous questions about their past and present relationship. That Ramirez was sentenced without a PSI was not a manifest injustice meriting withdrawal of his guilty plea.

{¶ 23} Though Ramirez does not repeat these arguments on appeal, his motion alleged that trial counsel told him prior to hearing that he would not be sentenced to prison. Even if this is true, the trial court informed Ramirez that his guilty plea could result in a prison term of up to 12 months, which Ramirez stated he understood. We also find no support for the claim in Ramirez's motion that he did not understand what occurred at his sentencing hearing because he was under the influence of medication. Before Ramirez pled guilty, the court asked him whether he was under the influence of "any drugs, alcohol or medications," which Ramirez denied. Ramirez has not demonstrated the trial court abused its discretion in denying his motion to withdraw his guilty plea.

{¶ 24} Accordingly, Ramirez's second assignment of error is overruled.

{¶ 25} Ramirez's judgment of conviction is affirmed. His sentence is vacated in part. This case is remanded to the trial court for modification of the journal entry as directed herein.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR