[Cite as *State v. Cody*, 2016-Ohio-7785.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104315**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MATTHEW T. CODY

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593574-J, CR-15-594470-A, CR-15-594674-A,
and CR-15-596477-A

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square
Suite 2100
Cleveland, Ohio 44113

**Also listed:**

Matthew Cody
Inmate No. 682-034
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Matthew T. Cody ("Cody"), appeals from his convictions and sentence following a guilty plea. After an examination of the case, Cody's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1997), and now seeks leave to withdraw as counsel. Cody has not filed a brief setting forth any assignments of error. After a thorough review of the record, we affirm the trial court's judgment and grant counsel's request to withdraw.

## I. Procedural History

{¶2} In Cuyahoga C.P. No. CR-15-593574-J, Cody pleaded guilty to drug trafficking in violation of R.C. 2925.03(A)(2), a felony of the second degree , with a one-year firearm specification; tampering with records in violation of R.C. 2913.42(A)(1), a felony of the third degree; possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; and two counts of drug trafficking in violation of R.C. 2925.03(A)(1), felonies of the fourth degree.

{¶3} In Cuyahoga C.P. No. CR-15-594470-A, Cody pleaded guilty to burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; and vandalism in violation of R.C. 2909.05, a felony of the fifth degree.

{¶4} In Cuyahoga C.P. No. CR-15-594674-A, Cody pleaded guilty to having weapons while under disability in violation of R.C. 2923.13(A)(1), a felony of the third degree; escape in violation of R.C. 2921.34(A)(1), a felony of the third degree; improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16, a felony of the

fourth degree; identity fraud in violation of R.C. 2913.49(B)(2), a felony of the fifth degree; and drug possession in violation of R.C. 2925.11, a felony of the fifth degree.

{¶5} In Cuyahoga C.P. No. CR-15-596477-A, Cody pleaded guilty to two counts of drug trafficking in violation of R.C. 2925.03(A)(1) and (2), felonies of the fourth degree; and a single count of drug possession in violation of R.C. 2925.11, a felony of the fifth degree.

{¶6} After fully complying with Crim.R. 11 and advising Cody of his statutory and constitutional rights, the trial court accepted Cody's guilty pleas in each case, finding that they were knowingly, intelligently, and voluntarily made.

{¶7} In March 2016, the trial court held a joint sentencing hearing. In Case No. CR-15-593574-J, the trial court sentenced Cody to three years in prison on the second-degree felony drug trafficking charge, to run consecutive to the one-year firearm specification. Cody was further sentenced to concurrent prison terms of 18 months each on the tampering with records and remaining drug trafficking convictions, and 12 months on the possession of criminal tools conviction.

{¶8} In Case No. CR-15-594470-A, Cody was sentenced to 18 months on the burglary conviction and 12 months on the vandalism conviction, to be served concurrently.

{¶9} In Case No. CR-15-594674-A, Cody was sentenced to 18 months each on the weapons, escape, and improper handling of a firearm convictions. Cody was also

sentenced to 12 months each on the identity fraud and drug possession convictions. The trial court ordered that the sentences be served concurrently.

{¶10} In Case No. CR-15-596477-A, Cody was sentenced to 18 months for each drug trafficking conviction, and 12 months on the drug possession conviction, to be served concurrently.

{¶11} The prison terms imposed in each case were ordered to run concurrently to each other, for a total four-year term of imprisonment.

{¶12} Following his convictions, the trial court appointed counsel to represent Cody on appeal. Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Cody's counsel filed a motion to withdraw pursuant to *Anders*.

## II. Law and Analysis

{¶13} *Anders*, and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), outline the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if counsel thoroughly studies the case and conscientiously concludes that an appeal is frivolous, he may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. However, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal." *Id.* Counsel must also furnish a copy of the brief to his client with sufficient time to allow the appellant to file his own brief, pro se. *Id.*

{¶14} Once these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to decide whether the appeal is "wholly frivolous." *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978); *State v. Kendall*, 4th Dist. Ross No. 06CA2919, 2007-Ohio-2743, ¶ 7. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id.*

{¶15} Counsel presents several potential issues for review pursuant to *Anders*. First, counsel advises that because Cody was convicted by virtue of his guilty pleas, the plea hearing should be reviewed for any errors. A defendant's guilty plea must be made knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his or her rights, both constitutional and nonconstitutional. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. *Id.*

{¶16} Counsel asserts that the trial court complied with the requirements of Crim.R. 11(C) and that Cody knowingly, intelligently, and voluntarily entered his guilty

pleas. We have conducted an independent examination of the record and also find that the trial court strictly complied with the dictates of Crim.R. 11(C) in accepting Cody's plea. The trial court advised Cody of his constitutional rights and the potential penalties he could receive, including postrelease control. In addition, the record reflects that the trial court complied with the statutory forfeiture provisions set forth in R.C. Chapter 2981.01 et seq. and sufficiently advised Cody of the property he would be forfeiting as part of each plea. Therefore, any argument that the pleas were not entered knowingly, intelligently, and voluntarily would be frivolous.

{¶17} We further find no merit to counsel's suggestion that the trial court potentially erred by permitting Cody to waive a re-reading of certain Crim.R. 11 rights for each case during the joint plea hearing. The record reflects that after fully informing Cody of his constitutional and nonconstitutional rights pursuant to Crim.R. 11 and accepting his pleas in Case Nos. CR-15-596477-A and CR-15-594470-A, the trial court proceeded to Cody's remaining cases. At that time, the trial court asked Cody if it needed to re-read the "lead-in questions about your age, how far you went to school, all of the rights that I read to you, up to discussing the nature of the charges in this case." Cody responded, "No, Your Honor," and the trial court proceeded to explain the nature of the charges and the effect of Cody's guilty pleas in Case Nos. CR-15-593574-J and CR-15-594674-A. Under these circumstances, we are unable to conclude that the trial court erred by failing to inform Cody of his constitutional rights in a separate colloquy for each case. *See State v. Galloway*, 11th Dist. Lake No. 2000-L-080, 2002-Ohio-4359.

As stated, the trial court thoroughly informed Cody of his constitutional and nonconstitutional rights at the onset of the plea hearing, and Cody indicated that he understood that those rights applied to each case. Accordingly, we find Cody subjectively understood the rights he was waiving by entering guilty pleas in Case Nos. CR-15-593574-J and CR-15-594674-A.

{¶18} Next, counsel advises us that any other potential error that could have occurred in the proceedings would have occurred during sentencing, but there was no error. We agree.

{¶19} After careful review, we find the trial court properly sentenced Cody within the applicable statutory guidelines for each felony conviction. The record reflects that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. Indeed, the court stated in the sentencing entries in both cases that it considered "all required factors of the law." This court has held that a trial court's statement in the sentencing entry that it considered the required statutory factors sufficient to fulfill the trial court's obligations under R.C. 2929.11 and 2929.12, even if the court did not explicitly mention the factors at the sentencing hearing. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶20} In addition, the sentencing transcript demonstrates that the trial court properly advised Cody of his mandatory postrelease control obligations, as well as the consequences for failing to comply with the requirements of postrelease control.

Moreover, as noted by counsel, the trial court did not error in imposing community work service in lieu of court costs and fees. *See State v. Coe*, 8th Dist. Cuyahoga No. 95068 2011-Ohio-1561, ¶ 8. We therefore find no errors with respect to Cody's sentence.

{¶21} Lastly, we agree with counsel's position that there is nothing in the record to suggest that the trial court violated the Ohio Supreme Court's decision in *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, which holds that a trial court may not impose a no-contact order while sentencing a defendant to a prison term. In this case, it is evident that while the prosecutor stated at the plea hearing that Cody "agreed to have no contact with the victim" in Case No. 15-CR-594470-A, the trial court did not issue a no-contact order at the time of sentencing and did not place a no-contact order in the sentencing journal entry. Accordingly, an appeal on this aspect of Cody's sentence would be frivolous.

### III. Conclusion

{¶22} We therefore conclude that Cody's appeal is wholly frivolous pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. There is nothing in the record that might arguably support an appeal. Counsel's request to withdraw is granted, and the appeal is dismissed.

It is ordered that appellee recover of appellant its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR