[Cite as *State v. Dowdell*, 2022-Ohio-2956.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellant,          :

                                  No. 111026

    v.                                        :

JAMES DOWDELL, III,                          :

    Defendant-Appellee.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 25, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-659386-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, the state of Ohio (the "state"), appeals the trial court's decision not to impose an indefinite sentence upon defendant-appellee, James Dowdell, III ("Dowdell"). For the reasons set forth below, we reverse Dowdell's

sentence and remand to the trial court for resentencing in accordance with the Reagan Tokes Law.

## Procedural and Factual History

{¶ 2} In May 2021, a grand jury returned a multicount indictment against Dowdell, which included two counts of first-degree felony drug trafficking, two counts of first-degree felony drug possession, and one count of fifth-degree felony drug possession. The grand jury also indicted Dowdell on one count each of possession of criminal tools, having weapons while under disability, and endangering children. All the first-degree felonies and the fifth-degree felony were accompanied by one-year firearm specification, major drug offender specification, forfeiture of a gun in a drug case, forfeiture of a scale in a drug case, forfeiture of money in a drug case, and forfeiture of a cell phone in a drug case, as well as a juvenile specification for allegedly committing the offenses within 100 feet of a juvenile.

{¶ 3} On October 14, 2021, pursuant to a negotiated plea agreement, Dowdell pled guilty to one count of first-degree felony drug trafficking, as amended in Count 3 to delete the major drug offender and juvenile specifications, but with the remaining specifications in place.[1] In addition, the state recommended that the trial court impose an agreed six-year prison sentence.

---

[1] The remaining counts and specifications were dismissed.

{¶ 4} Relevant to this appeal, prior to accepting Dowdell's plea, the trial court stated:

> [D]o you understand that the offense to which you will be pleading is a felony of the first degree that carries with it - - and this Court, by the way, would note that on a prior occasion, * * * this Court has found the provision, the minimum indefinite provisions of Senate Bill 201, Reagan Tokes Law, to be unconstitutional. So, the sentence that I could impose would be three, four, five, six, seven, eight, nine, ten or eleven years for the underlying felony of the first degree.

{¶ 5} After accepting Dowdell's guilty plea, the trial court immediately proceeded to sentencing and imposed a prison sentence of six years. The sentence included the mandatory one-year firearm specification that was required to be served prior to and consecutive to the five years on the base charge of drug trafficking. The trial court's journal entry indicated that it had determined that the minimum indefinite terms of S.B. 201 was unconstitutional.

{¶ 6} The state now appeals the trial court's sentence and assigns the following sole error for review:

### Assignment of Error

The trial court erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

### Law and Analysis

{¶ 7} In the sole assignment of error, the state argues that the trial court erred when it found the Reagan Tokes Law to be unconstitutional and declined to impose an indefinite sentence on Dowdell pursuant to the law. We agree.

{¶ 8} As an initial matter, it is well settled that the Ohio Revised Code provides the state the right to appeal a sentence if it is contrary to law. R.C.

2953.08(B)(2). A sentence that fails to impose a mandatory provision is contrary to law. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 9} Dowdell claims the state waived a challenge to his sentence by not expressively lodging an objection. However, a sentence imposed contrary to law constitutes a plain error and we may review it for plain error. *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6, citing *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 2 (although appellant did not object to the imposition of the sentence at the sentencing hearing, the sentence imposed by the trial court was not authorized by law and contrary to law, and therefore constituted plain error); *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 15 (where the trial court failed to make the requisite findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences, appellant's sentence was contrary to law and constituted plain error).

{¶ 10} Recently, the constitutionality of the Reagan Tokes Law was decided in this court's en banc opinion in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional." *Id.* at ¶ 17. In accordance with this court's decision in *Delvallie*, we find the trial court was required to impose an indefinite sentence pursuant to S.B. 201. The trial court declining to do so rendered Dowdell's sentence contrary to law.

{¶ 11} Accordingly, we sustain the state's the sole assignment of error.

{¶ 12} The trial court's judgment is reversed, and the matter is remanded for resentencing in accordance with the provisions of the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, A.J., DISSENTS (WITH SEPARATE OPINION)


N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

SEAN C. GALLAGHER, A.J., DISSENTING:

{¶ 13} I respectfully dissent from the majority opinion. Although I certainly understand the majority's decision and the application of *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), to the issues raised, I simply do not agree with sua sponte invoking the plain-error rule to overturn the jointly recommended definite sentence that was imposed in this case. "[O]ur holdings should foster rather than thwart judicial economy by providing incentives * * * for [parties] to raise all

errors in the trial court * * *." *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23.

{¶ 14} I find it rather disingenuous that the state's brief does not even mention that the sentence imposed in this case was a jointly recommended sentence of six years under a plea agreement and that it forfeited the challenge being raised. The state simply argues the sentence is contrary to law because it was not imposed in accordance with the Reagan Tokes Law. Although this court may invoke the plain-error standard to sua sponte consider an error affecting substantial rights, it is not warranted in this case. "An appellate court has discretion to notice plain error and therefore 'is not required to correct it.'" *State v. West*, Slip Opinion No. 2022-Ohio-1556, ¶ 22, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶ 15} The Supreme Court of Ohio has admonished appellate courts to notice plain error with the utmost caution, under exceptional circumstances and "only" when required to prevent a manifest miscarriage of justice. *Rogers* at ¶ 23, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "The burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17. Generally, a forfeited challenge pertaining to the constitutionality of a statute "is subject to

review 'where the rights and interests involved may warrant it.'" *Id.*, quoting *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. This is not such a case.

{¶ 16} The transcript of the plea hearing reflects the state placed the plea agreement on the record and indicated Dowdell would be entering a plea of guilty to the offense of trafficking, a felony of the first degree, with a one-year firearm specification and forfeiture specifications, there was "an agreed six-year prison sentence to be recommended to [the] court," and an additional specification along with the remaining counts would be nolled. The assistant prosecutor and defense counsel confirmed it was an agreed prison term. When explaining the sentence for the first-degree felony offense that could be imposed, the trial court indicated it had found the minimum indefinite provisions of the Reagan Tokes Law to be unconstitutional, which was prior to the release of *Delvallie*, 2022-Ohio-470, 185 N.E.3d 536. The state made no objection. The trial court then indicated to Dowdell that he would do the "agreed six-year prison term." At sentencing, the definite sentence of six years that was jointly recommended to the court is the sentence that was imposed. The state now seeks to unring the bell in order to have Dowdell sentenced to an indefinite term under the Reagan Tokes Law.

{¶ 17} Not only did the state forfeit its argument on appeal, but it cannot be said that substantial rights were affected or that reversal is necessary to correct a manifest miscarriage of justice. Additionally, in this instance, it is not in the interest of judicial economy to remand for resentencing and a potential postconviction plea challenge. Accordingly, I would find the state forfeited the challenge raised and

would not invoke the plain-error rule. Nonetheless, the constitutionality issues raised were decided in *Delvallie*, which remains controlling law in this district.

{¶ 18} For these reasons and under the limited circumstances of this case, I would affirm the judgment of the trial court and uphold the sentence that was imposed.