[Cite as *State v. Reeder*, 2025-Ohio-110.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 113512 |
| v. | : | |
| DASHAWN REEDER, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-683048-C, CR-23-683153-A, and CR-23-683395-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Owen Knapp, Assistant Prosecuting
Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Deshawn Reeder ("Reeder"), appeals his

sentence and claims the following error:

The trial court erred in imposing both a prison term and a no-contact
order.

{¶ 2} We find no prejudicial error and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Reeder was charged with multiple felony offenses in three separate cases. In Cuyahoga C.P. No. CR-23-683048-C, Reeder was charged with four counts of improperly discharging a firearm into a habitation, one count of discharging a firearm on or near a prohibited premises, three counts of felonious assault, and one count of attempted murder. In Cuyahoga C.P. No. CR-23-683153-A, Reeder was charged with one count of improper handling of a firearm in a motor vehicle, one count of carrying a concealed weapon, and one count of receiving stolen property. In Cuyahoga C.P. No. CR-683395-A, Reeder was charged with two counts of failure to comply, one count of receiving stolen property, and one count of vandalism.

{¶ 4} Reeder initially pleaded not guilty to the charges. However, pursuant to a plea agreement, Reeder pleaded guilty to one count of attempted felonious assault in CR-23-683048-C; one count of carrying a concealed weapon and one count of receiving stolen property in CR-23-683153-A; and one count of failure to comply, one count of receiving stolen property, and one count of vandalism in CR-23-683395-A. During the change-of-plea hearing, the State placed the terms of the agreement on the record. The prosecutor stated, among other things, that "[t]here's also agreed no contact with the victim[.]" (Tr. 19 and 20.) In exchange for Reeder's promises, the State agreed to nolle the remaining counts and agreed not to reindict Reeder to add a count of felonious assault on a peace officer that would have included a one-year gun specification. (Tr. 20.)

**{¶ 5}** During the Crim.R. 11 colloquy, the trial court informed Reeder of the potential maximum prison terms he could receive for each felony conviction. The court also asked Reeder if he understood that as a condition of his plea, he could have no contact with the victim. During the colloquy, the following exchange took place:

> THE COURT: And do you also understand that a condition of your plea in that case is you are to have no contact with the victim?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That means you can't text, write, Facebook, Snapchat, TikTok, Instagram, whatever means you communicate with the outside world in social media. You can have no contact with the victim. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Also, it's my understanding that in Case Number 683395 and 683153, you are also to have no contact with the victim in those cases as well. Do you understand that?
>
> THE DEFENDANT: Yes.

(Tr. 29 and 31.) The court accepted Reeder's guilty pleas and found him guilty.

**{¶ 6}** At a subsequent sentencing hearing, the trial court imposed a no-contact order as part of the sentence in each case. (Tr. 63-65.) Neither at the change-of-plea hearing nor at the sentencing hearing did either Reeder or his trial counsel object to the no-contact order.

**{¶ 7}** Reeder now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 8} In the sole assignment of error, Reeder argues the trial court erred in sentencing him to both a prison term and a no-contact order. He contends hybrid sentences are illegal and, therefore, constitute reversible error.

{¶ 9} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 22-23. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law."

{¶ 10} Reeder argues his sentences are contrary to law because the applicable felony-sentencing statutes do not authorize the simultaneous imposition of both a prison term and a community-control sanction for the same offense. He cites *State v. Anderson*, 2015-Ohio-2089, in support of his argument. In that case, the Ohio Supreme Court held that (1) a trial court may only impose a sentence provided for by statute, (2) "Ohio courts have recognized that a no-contact order is a community-control sanction," and (3) the felony-sentencing statutes "reflect that the General Assembly intended prison terms and community-control sanctions to be alternative sanctions" for a felony offense. *Id.* at ¶ 12, 17, and 28. Thus, *Anderson* held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31. In

other words, "[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id.* at ¶ 1.

{¶ 11} We find, however, that the circumstances of this case are distinguishable from the facts set forth in *Anderson*. In *Anderson*, the court imposed a hybrid sentence composed of a prison term and a no-contact order following a jury verdict finding him guilty. Reeder, however, agreed to the no-contact order as a condition of his plea agreement knowing that he could be sentenced to a prison term in addition to the no-contact order. Ohio courts, including this court, have previously held that when a defendant agrees to a no-contact order as a condition of a plea agreement and the court sentences the defendant to both a prison term and a no-contact-order, the error, if any, is an invited error. *State v. Smith*, 2023-Ohio-3879, ¶ 27-28 (8th Dist.), citing *State v. Clark*, 2022-Ohio-2801, ¶ 13 (2d Dist.); *State v. Marcum*, 2013-Ohio-2189, ¶ 11 (4th Dist.).

{¶ 12} Under the invited-error doctrine, a party may not take advantage of an error that he, himself, invited or induced. *State v. Armstrong*, 2016-Ohio-2627, ¶ 69 (8th Dist.). "The doctrine precludes a litigant from making "'an affirmative and apparent strategic decision at trial'" and then complaining on appeal that the result of that decision constitutes reversible error." *State v. Davis*, 2021-Ohio-2311, ¶ 25 (8th Dist.), quoting *State v. Doss*, 2005-Ohio-775, ¶ 7 (8th Dist.), quoting *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003).

{¶ 13} Reeder entered his guilty pleas with the understanding that the no-contact order could be imposed in conjunction with a prison term. In exchange for the dismissal of several felony charges, Reeder knowingly, intelligently, and voluntarily agreed to the potential hybrid sentences. It would be unfair to the State to allow Reeder to retain the benefit of reduced charges without requiring him to keep his end of the deal. Indeed, courts have routinely applied the invited-error doctrine to negotiated plea agreements. *See State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 7, 10 (A defendant "cannot take advantage of an error that he invited through the plea negotiations."); *State v. Robinson*, 2008-Ohio-3972, ¶ 7 (8th Dist.) ("By agreeing to plead to a crime that was not a lesser included offense of the originally-charged crime, Robinson invited the error she has raised on appeal."); *State v. D-Bey*, 2021-Ohio-60, ¶ 34-36 (8th Dist.), quoting *State v. Lester*, 2018-Ohio-4893, ¶ 9 (8th Dist.) ("[A] defendant who negotiated a guilty plea to a nonexistent offense 'cannot now complain that it should be set aside.'"); *State v. Williams*, 2015-Ohio-2522, ¶ 12 (8th Dist.), quoting *State v. Jackson*, 2013-Ohio-3136, ¶ 15 (8th Dist.) ("any argument that the trial court had no authority to impose restitution . . . is contrary to appellant's position at sentencing and precluded by [the invited-error] doctrine"); *State v. Savage*, 2015-Ohio-4205, ¶ 18 (4th Dist.) (Order to pay restitution on dismissed grand-theft charge affirmed pursuant to invited error because defendant agreed to pay restitution in exchange for dismissal of grand-theft charge.).

{¶ 14} Furthermore, Reeder did not object to the imposition of hybrid sentences and, therefore, forfeited all but plain error. *State v. Rogers*, 2015-Ohio-2459, ¶ 3, 21 (Failure to object to an error in the trial court forfeits all but plain error on appeal.). Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

{¶ 15} The dissent argues, citing *State v. Dowdell*, 2022-Ohio-2956 (8th Dist.), that the mere imposition of an unauthorized sentence automatically constitutes plain error without a showing of prejudice. However, it is well-established that "[t]o qualify for plain-error relief, the defendant must establish that (1) an error (i.e., a deviation from a legal rule) occurred, (2) the error was plain (i.e., obvious), and (3) the error affected the defendant's substantial rights." *State v. West*, 2022-Ohio-1556, ¶ 42 (Donnelly, J., dissenting).

{¶ 16} In other words, to recognize plain error, the defendant must demonstrate both an obvious error and prejudice. *Id.*; *State v. Rogers* at ¶ 22-23 ("[E]ven if the error is obvious, it must have affected substantial rights[.]"); *State v. Mosby*, 2024-Ohio-5210, ¶ 24 (8th Dist.), citing *State v. Payne*, 2007-Ohio-4642, ¶ 17 ("To prevail under a plain error analysis, the appellant bears the burden of demonstrating that, but for the error, the outcome of the trial would clearly have been different.").

{¶ 17} And, even when all the elements for plain error are present, an appellate court is not required to correct a plain error. *Rogers*, 2015-Ohio-2459, at

¶ 23. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. There is "'no category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome.'" *West* at ¶ 2, quoting *Rogers* at ¶ 24. Therefore, just because the court found plain error in *Dowdell* does not necessarily mean we can find plain error in this case.

{¶ 18} There is no statutory provision authorizing the imposition of a no-contact order and a prison sentence for the same felony offense. *Anderson*, 2015-Ohio-2089, at ¶ 1. Therefore, the trial court's imposition of hybrid sentences on Reeder's felony convictions constitutes an obvious error. However, Reeder had numerous felony convictions dismissed, including one count of attempted murder and several felonious assault charges, in exchange for the potentially unlawful imposition of a no-contact order. Reeder cannot demonstrate that he was prejudiced by the error because he negotiated the plea agreement and received substantial benefit in exchange for the unauthorized hybrid sentences. Therefore, this is not an exceptional case that requires reversal in order to prevent a manifest miscarriage of justice.

{¶ 19} Moreover, the Ohio Supreme Court has held that even plain error may be an invited error, in which case the error is not reversible. *See Rohrbaugh*, 2010-Ohio-3286, ¶ 7, 10. Therefore, even if the imposition of the no-contact order rose to the level of plain error, Reeder invited the error and it is not reversible.

{¶ 20} The sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION);
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

KATHLEEN ANN KEOUGH, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 22} We all agree that under *Anderson*, the trial court's imposition of a no-contact order and a prison sentence on the same offense is contrary to law or unauthorized by law and thus subject to appellate review regardless of the plea agreement. And we all agree that Reeder did not object to the imposition of both the no-contact order and the prison sentence, and thus we review this issue solely for plain error. The disagreement falls on whether the unlawful sentence is ipso facto

error, or often termed, "per se prejudicial," or whether the appellant is still required to demonstrate prejudice under our plain error review. The dissent, relying on *Dowdell's* suggestion that a contrary-to-law sentence is ipso facto error, would not require a showing of prejudice, whereas the lead opinion contends that regardless of the error, under a plain-error analysis this court must find and the appealing party must establish prejudice. Because I believe that no unobjected-to error is per se prejudicial, I agree with the lead opinion that the appealing party must demonstrate prejudice under a plain-error review even when a sentence is contrary to law. Accordingly, because Reeder has not demonstrated, let alone argued, prejudice, I agree with the lead opinion to affirm his sentence.

### Effect of *Anderson*

{¶ 23} The dissent is correct, the Ohio Supreme Court has stated that "[w]hen a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *See Anderson*, 2015-Ohio-2089, at ¶ 31. "Judges must impose only those sentences provided for by statute." *Id.* at ¶ 13. *See also State v. Paige*, 2018-Ohio-813 (applying *Anderson* and finding that a court cannot impose a CBCF term as a community-control sanction consecutively to a prison term imposed on a separate offense). However, I agree with the dissent that for whatever reason, the *Anderson* Court did not address R.C. 2929.13(A) that authorizes a court to impose "any sanction or combination of sanctions." Arguably, Reeder's sentence is authorized by law, specifically authorized

under R.C. 2929.13(A).[1]  Although the dissent rightfully points out that the State does not argue that Reeder's sentence is authorized by law, but instead focuses on invited error, I am mindful that the State is not appealing.  Reeder is the appealing party; therefore, he has the burden of proving error.

## Effect of *Dowdell*

{¶ 24} *Dowdell* suggests that under a plain-error review, any contrary to law or unauthorized by law sentence is ipso factor error.  In *Dowdell,* the State successfully challenged Dowdell's sentence that did not include the Reagan Tokes tail, even though the trial court imposed a joint-recommended sentence agreed to between the parties, that did not include or contemplate a Reagan Tokes tail.  The *Dowdell* majority held that when the trial court determined not to impose the Reagan Tokes tail, the State did not need to object to preserve the error because the sentence was unauthorized by law.  *Dowdell* at ¶ 8-10, citing *Underwood* at ¶ 21.  This is true, but the *Dowdell* Court chose to recognize plain error without conducting a prejudice analysis, despite the State's failure to object and its agreement to the sentence.  The *Dowdell* dissenting opinion advocated against the sua sponte recognition of plain error "to overturn the jointly recommended definite sentence that was imposed in this case."  *Id*. at ¶ 13 (S. Gallagher, J., dissenting).  In

---

[1] Interestingly, the *Anderson* Court could have resolved the issue simply by relying on R.C. 29293.13(A) because it specifically prohibits a mandatory prison term and any "additional sanction or combination of sanctions under section 2929.16 or 2929.17 of the Revised Code."  This would include a no-contact order.  The *Anderson* defendant was subject to a mandatory prison term either for rape or kidnapping.  Accordingly, for this reason alone, the inclusion of the no-contact order violated Ohio law.

fact, the dissent attempted to dissuade the majority from exercising its discretion in recognizing plain error.  *Id.*

{¶ 25} Because of *Dowdell*, I appreciate the dissent's suggestion in this case that an appearance exists of the State receiving the benefit in these types of situations.  I understand the dissent's position that if the State in *Dowdell* did not need to demonstrate prejudice under plain-error review when a sentence is contrary to law, then why should Reeder in this case?

{¶ 26} But here is my concern.  Reeder entered into a negotiated plea agreement with the State that included a no-contact order.  Reeder did not object and, in fact, acquiesced to this condition of the plea agreement that limited his exposure in three separate cases that subjected him to a substantial prison sentence. If he had objected to the imposition of the no-contact order, then the plea deal likely would have fallen through.  So, did Reeder's counsel effectively negotiate a plea agreement that included a sanction that counsel knew would may not be upheld on appeal, thus, benefitting even more from the bargain with the State?  But if so, did counsel violate a duty of candor to the tribunal?  Although I believe that counsel did not act in any unethical manner in this case, the possibility for a "bait and switch" on the part of a defendant exists.  This type of plea manipulation has no place in our judicial system.

{¶ 27} But I also question the no-contact order itself.  What bargain did the State actually receive by including this order as part of the plea deal?  Or better yet, what benefit did the victims in these cases receive?  A no-contact order has no teeth

in this context when included as part of a sentence when community-control supervision is not even imposed. Rather, it is a hollow promise to the victims of these cases. If Reeder violates the no-contact order, is the only recourse a finding of contempt that could only bring a maximum 30-day jail sentence? How is that protecting the victim, who has constitutional rights under Marsy's Law, from further harm or harassment by a defendant?

{¶ 28} If no-contact orders cannot be imposed as part of a negotiated plea agreement when a prison sentence is also imposed, then the State must be vigilant in protecting the victim. Does this mean that as part of a plea agreement, the State should require a defendant to consent to and waive his right to a hearing on a protection order for the victim? This avenue could alleviate a victim from navigating through the justice system after sentencing to obtain protections that Marsy's Law clearly affords.

{¶ 29} The onus falls on the State. If the no-contact order was an integral part of the plea in this case, the State could have filed a cross-appeal once it learned that Reeder was attempting to invalidate that aspect of the sentence that was the inducement for the plea between the parties. It did not. In fact, we note that in prior appeals, the State has conceded this exact "error" when the trial court imposed both a prison sentence and a no-contact order. See *State v. Black*, 2024-Ohio-2365, ¶ 27-28 (8th Dist.) (finding error based on *Anderson* and the State's concession to the error).

{¶ 30} I agree with the lead opinion that Reeder entered into a negotiated plea agreement with the State that included a no-contact order. Reeder did not object and, in fact, acquiesced to this condition of the plea agreement. But, under *Anderson*, the sentence is not authorized by law, and under *Underwood*, it is subject to a direct appeal and subject to reversal on appeal. "Subject to reversal on appeal," however, does not mean automatic or ipso facto reversal on appeal; it means that this court reviews the issue while applying the standards of review. Accordingly, I disagree with *Dowdell's* approach in finding the error per se prejudicial. In this case, Reeder failed to object to the trial court's error; thus this court reviews for plain error, which requires a showing a prejudice.

{¶ 31} The Ohio Supreme Court has consistently "'rejected the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome.'" *State v. West*, 2022-Ohio-1556, ¶ 2, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 24, citing *State v. Perry*, 2004-Ohio-297, ¶ 23. In *Rogers*, the Court specifically noted that it has "never recognized the hybrid type of plain error applied by the en banc court . . . forfeited error that is presumptively prejudicial and is reversible error per se." *Id.* (rejecting this court's application of plain error in our en banc decision in *State v. Rogers*, 2013-Ohio-3235 (8th Dist.). Even "[e]rrors of constitutional dimension are not ipso facto prejudicial" under a plain-error analysis. *State v. Williams*, 6 Ohio St.3d 281, 286 (1983). *Compare State v. Jones*, 2020-Ohio-3051, ¶17-20 (structural errors or

constructional errors are per se prejudicial and thus not subject to a harmless-error analysis, i.e., review of errors objected to at trial).

{¶ 32} Notice of plain error and "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, 2022-Ohio-4407, ¶ 8; *see also West* at ¶ 22, quoting *Rogers* at ¶ 23 (even if the error satisfies the three criteria to constitute plain error, courts retain discretion to correct the error). In *State v. Bond*, 2022-Ohio-4150, the Ohio Supreme Court reminded reviewing courts that they have discretion to recognize plain error, even when a structural error occurs. "The final consideration in the plain-error analysis is whether correcting the error is required to prevent a manifest miscarriage of justice or whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See* [*United States v.*] *Olano*, 507 U.S. [725], at 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 [(1993)]; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 [(1978)], paragraph three of the syllabus." *Id.* at ¶ 35. "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135, quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, fn. 9 (2004). Accordingly, this appellate discretion is meant to be exercised on a case-by-case basis. *Puckett* at 142, quoting *United States v. Young*, 470 U.S. 1, 17, fn. 14 (1985) ("The fourth prong is meant to be applied on a case-specific and fact-intensive basis. We have emphasized that a 'per se approach to plain-error review is flawed.'").

{¶ 33} Applying the plain-error framework to the facts of this case, I would not find plain error because Reeder has failed to demonstrate that the trial court's

sentencing error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. More importantly, Reeder received the sentence that he and his counsel specifically bargained for, including the no-contact order.

{¶ 34} Even if I agreed with the dissent, I disagree with the dissent's remedy to only vacate the no-contact order aspect of Reeder's sentence. R.C. 2953.08(G)(2) provides that an appellate court may "increase, reduce or otherwise modify a sentence . . . or may vacate the sentence and remand the matter to the sentencing court for resentencing." Understandably, correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for an improper aspect of a sentence, but in this case, I would have vacated Reeder's entire sentence and remanded for resentencing for the trial court to impose an authorized sentence that reflects the parties' intention when the State offered the plea that Reeder accepted.

SEAN C. GALLAGHER, J., DISSENTING:

{¶ 35} I respectfully disagree with the divided majority's conclusion that the imposition of an unauthorized sentence can be cured by the parties' prior plea negotiations. It is the hallmark of sentencing law that a trial court cannot impose a sentence that is contrary to law. No amount of agreement between the parties cures a trial court's sentencing error. *State v. Underwood*, 2010-Ohio-1, ¶ 23 ("[A] sentence is authorized by law only if it comports with all mandatory sentencing provisions."). Absent compliance with all mandatory sentencing provisions, a

sentence is subject to reversal on appeal. *Id.* Further, even if the parties agree to a sentence that is contrary to law, the error in imposing that sentence is plain and requires reversal. *State v. Dowdell*, 2022-Ohio-2956 (8th Dist.). As is relevant to this case, and as the Ohio Supreme Court has further concluded, "when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose *either* a prison term or a community-control sanction or sanctions." (Emphasis added.) *State v. Anderson*, 2015-Ohio-2089, ¶ 31 ("*Anderson*").

{¶ 36} It should be noted, that although *Anderson* concluded that there was no authority to impose a no-contact order along with *a mandatory or discretionary*[2] prison sentence for a felony offense, it did so because of the apparent lack of an exception to the general notion that the General Assembly "intended prison and community-control sanctions as alternative sentences." *Id.* According to the Court, absent an express statutory exception, it was an either-or proposition. R.C. 2929.13(A), however, authorizes the sentencing court, in its discretion, to "impose any sanction or *combination of sanctions* on the offender that are *provided in sections 2929.14 to 2929.18* of the Revised Code," which is applicable to

---

[2] As noted in *Anderson*, the offender in that case was sentenced on two counts, one of which carried a mandatory sentence and the other of which was discretionary. Under R.C. 2929.13(A), a trial court is authorized to sentence an offender to a combination of sanctions under R.C. 2929.14 through 2929.18, unless the prison sentence is mandatory. If mandatory, only a financial sanction may be added to the prison term. It thus appears that R.C. 2929.13(A) may have authorized the no-contact order if that was imposed on the count to which a discretionary sentence was imposed. Nevertheless, *Anderson* did not explore that distinction of consequence.

discretionary sentences like the one at issue in this case. (Emphasis added.) Thus, the legislature appears to have authorized the imposition of a combination of sanctions to include a mix of a prison term and community-control sanctions in some situations. As *Anderson* noted, a no-contact order is a community-control sanction, authorized under R.C. 2929.16, 2929.17, and 2929.18. *Id.* at ¶ 20. For whatever reason, R.C. 2929.13(A) was not included in *Anderson's* discussion of the statutes authorizing felony sentences.[3]

{¶ 37} The State has not asserted R.C. 2929.13(A) as authorizing the type of hybrid sentence *Anderson* forbids in this case. *See* App.R. 16(A)(7). Until the Ohio Supreme Court reassesses the language in R.C. 2929.13(A) to permit community-control sanctions being imposed with a discretionary prison term on the same count, effectively modifying *Anderson*, appellate courts should continue to follow *Anderson*.

{¶ 38} Reeder's sentence is not authorized by law under *Anderson*. A no-contact order cannot be imposed along with a prison term for a felony offense. *Id.*

---

[3] In *State v. Hitchcock*, 2019-Ohio-3246, the fractured Court addressed and acknowledged R.C. 2929.13(A) and the authorization to include any combination of sanctions on a single felony offense. *Id.* at ¶ 6, 23, 32, 37. As Justice DeWine noted in his concurring in part and dissenting in part opinion, "In determining whether a sentence has been authorized by statute, we must start with R.C. 2929.13(A). That provision provides that 'a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.'" *Id.* at ¶ 37. Under his view, that combination of sanctions would have authorized consecutive terms of community-control sanctions imposed along with a prison term. Notwithstanding, as Justice Stewart pointed out, R.C. 2929.13(A) only authorizes that combination of sanctions on a single felony offense, so the provision does not authorize consecutive community-control sanctions. *Id.* at ¶ 32. In light of the fractured nature of that decision, *Anderson* still controls.

The trial court lacked any authority to impose both a term of imprisonment and a no-contact order regardless of the parties' plea negotiations. Further, at the time Reeder agreed to a potential no-contact order during the plea colloquy, there was no jointly recommended prison sentence contemplated as part of the plea deal. Thus, community-control sanctions were a possible outcome. A presentence investigation was conducted in this case to those ends. *See* R.C. 2951.03(A)(1) (community-control sanctions cannot be imposed unless a presentence investigation has been considered by the trial court). Any agreement to the no-contact order would be applicable only if the trial court actually imposed community-control sanctions as the sentence after considering the report and the sentencing factors. *Id.* In that case, part of the community-control sanctions would include the agreed term of a no-contact order.

{¶ 39} At the sentencing hearing, however, the trial court expressly concluded that Reeder was "not amenable to a community control sanction" after considering the presentence-investigation report. Tr. 61:9-10. Any agreement to a no-contact order was no longer applicable. The no-contact order imposed along with a term of imprisonment for the felony offenses is contrary to law, and the imposition of that sentence constitutes plain error. "[A] defendant cannot waive a right to appeal a sentence that is contrary to law." *State v. Middleton*, 2013-Ohio-5591, ¶ 11 (8th Dist.). The analysis should end there.

{¶ 40} I acknowledge that a prior decision has led us here. We should not, however, rely on *State v. Smith*, 2023-Ohio-3879 (8th Dist.). *Smith* concluded that

because the defendant "entered the plea with the understanding that the no-contact order was a condition of the plea agreement, he cannot challenge the trial court's imposition of the no-contact order as being contrary to law." *Id.* at ¶ 28. Notwithstanding that conclusion, the Ohio Supreme Court has held that defendants maintain the right to appeal sentences that are unauthorized by law even if those sentences were a product of a plea negotiation.

{¶ 41} In *Underwood*, 2010-Ohio-1, the State attempted to rely on R.C. 2953.08(D)(1) to preclude a defendant from challenging a sentence that was not authorized by law based on the defendant's agreement to the sentence as part of a plea agreement. *Id.* As the Court recognized, the legislature intended that a jointly recommended sentence "be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* at ¶ 27, quoting *State v. Porterfield*, 2005-Ohio-3095. A plea agreement involving a jointly recommended sentence, however, has no application to whether a particular sentence is actually authorized by law. *Id.* That latter question is reviewable despite a plea agreement that "invited" the court to sentence in the manner it did.

{¶ 42} The question in *Smith* was not whether the no-contact order as a sanction was justified, but rather, the question was whether the sentence was authorized by law. *See id.* Thus, *Underwood* controls and holds that a defendant may appeal a sentence that is not authorized by law regardless of his plea agreement

that invited the court's sentencing decision. Although there is tension between *Smith* and *Underwood* on this point, we are bound by *Underwood*. If a sentence is not authorized by law, even if the parties jointly recommend that sentence to the trial court, it is subject to a direct appeal and to being reversed. The impact of *Underwood* is not lessened simply because the parties only agreed to one aspect of the ultimate sentence imposed.

{¶ 43} And finally, the divided majority sua sponte presents arguments claiming that Reeder forfeited any error by failing to object to a sentence that was clearly and unambiguously not authorized by law. As *Underwood* concluded, a sentence constitutes plain error subject to reversal even if the defendant goes so far as to agree to jointly recommend the sentence to the trial court. *Id.* at ¶ 31. The underlying rationale is that a defendant is inherently prejudiced by the imposition of sentences that are not authorized by law. *Id.*, citing *State v. Gibson*, 2009-Ohio-4984 ¶ 29 (8th Dist.). Thus, in finding no prejudice based on Reeder being sentenced to sanctions that are not authorized by law, the divided majority must disregard *Underwood's* holding.

{¶ 44} Regardless of what the parties agree to with respect to sentences during plea negotiations, the trial court is duty bound to impose a sentence that complies with all mandatory sentencing provisions and is not bound by any recommendation resulting from the plea negotiations. *Id.* at ¶ 28 ("It should be noted that currently, trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence."). The State should, at the least, be well-

aware of this axiom. *See, e.g., State v. Dowdell*, 2022-Ohio-2956, ¶ 15. In *Dowdell,* the divided majority concluded that although the State agreed to a definite sentence for a qualifying felony offense subject to the Reagan Tokes Law as part of the plea negotiations, the definite sentence was nonetheless contrary to law and resentencing required. The State is not in any danger of being treated "unfairly" by reversing a sentence that is not authorized by law. Quite the contrary given the outcome in *Dowdell.* Even had the State raised the plain-error doctrine as an issue in need of discussing in this appeal, *Underwood* still controls.

{¶ 45} For these reasons, I respectfully dissent. A sentence that is not authorized by law may be appealed and must be reversed, even if the parties jointly recommended the sentence to the trial court as part of a plea negotiation. R.C. 2953.08(D)(1); *Underwood* at paragraph two of syllabus. But regardless, in this case there is no jointly recommended sentence, and because there was not a recommended sentence, the trial court was required to comply with all relevant sentencing laws at the sentencing hearing, including *Anderson*, 2015-Ohio-2089, at ¶ 31; *see also Dowdell.*

{¶ 46} The divided majority's conclusion that Reeder is not permitted to challenge his sentence is contrary to Ohio Supreme Court precedent in *Underwood,* and that outcome conflicts with *Dowdell*, in which the State successfully challenged a sentence it agreed to during plea negotiations. Not only is Reeder entitled to appeal a sentence that is not authorized by law, as the State was in *Dowdell*, but I

would sustain Reeder's assignment of error and remand with instructions to vacate the no-contact order in accordance with *Anderson*.