[Cite as *State v. Singleton*, 2025-Ohio-4849.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                      :          No. 114841

JASON SINGLETON,                    :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 23, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-695795-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora Bryan, Assistant Prosecuting Attorney, *for appellee.*

Scott J. Friedman, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Jason Singleton appeals the imposition of a no-contact order attendant to a 54-month aggregate term of imprisonment, which resulted from his guilty pleas to unlawful sexual conduct with a minor and strangulation. For the following reasons, we vacate the imposition of the no-contact order and remand

for that portion of the sentence to be deleted from the final sentencing entry. Because no other aspect of the sentences or convictions were challenged in this appeal, they remain in effect.

{¶ 2} The victim was a 14-year-old female attempting to run away from her family. Singleton, then 41 years old, allowed her to stay with him for about a week. During that time, Singleton engaged in sexual conduct with the minor victim. According to the State, in exchange for pleading guilty to the unlawful sexual conduct and strangulation, Singleton agreed to a no-contact order precluding contact with the victim. Although Singleton's trial counsel "believed" that Singleton would agree to the State's plea offer, Singleton was never asked whether he agreed to any sentencing arrangement for the third- and fifth-degree felony offenses. The trial court accepted Singleton's guilty pleas.

{¶ 3} It must be noted that even if Singleton agreed to the no-contact order as part of the plea negotiations, there was no agreed sentencing recommendation beyond that. *See State v. Reeder*, 2025-Ohio-110, ¶ 38 (8th Dist.) (S. Gallagher, J., dissenting) (noting that the agreement to the no-contact order during the plea colloquy occurred while community-control sanctions were available as a sentencing option). His agreement occurred at the time that community-control sanctions (which a no-contact order is undoubtedly considered) were available as a sentencing option in light of the downgraded

charges.[1]  At sentencing, the trial court found Singleton was not amenable to community-control sanctions, and an aggregate 54-month term of imprisonment was imposed.  At the close of the hearing, the trial court tacked on the disputed no-contact order at the State's urging.

{¶ 4}  The State concedes that a no-contact order cannot be imposed attendant to a prison term on a single felony offense.  *See Anderson* at ¶ 31.[2]  Thus, the sole issue in this appeal focuses on whether the offender can agree to an unauthorized, hybrid sentence.  Unfortunately, this district's resolution of this question is, at best, muddled.

{¶ 5}  The State maintains that any error in the imposition of a no-contact order attendant to a prison term for a single felony offense was invited by Singleton, citing *State v. Smith*, 2023-Ohio-3879, ¶ 27-28 (8th Dist.).  The State's argument is understandable.  The panel in *Smith* indeed concluded that if the State

---

[1] As the Ohio Supreme Court noted, a no-contact order is a community-control sanction, authorized under R.C. 2929.16, 2929.17, and 2929.18. *State v. Anderson,* 2015-Ohio-2089, ¶ 20.

[2] Although *Anderson* concluded that there was no authority to impose a no-contact order along with a mandatory or discretionary prison sentence for a felony offense, it did so based on the general notion that the General Assembly "intended prison and community-control sanctions as alternative sentences." *Id*.  According to *Anderson*, absent an express statutory exception to that general rule, it was an either-or proposition. R.C. 2929.13(A), however, authorizes the sentencing court, in its discretion, to "impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." Thus, the legislature appears to have authorized the imposition of a combination of sanctions to include a prison term and some form of community-control sanctions on a single felony offense.  For whatever reason, R.C. 2929.13(A) was not included in *Anderson's* discussion of the statutes authorizing felony sentences.

includes a no-contact order as part of an accepted plea deal, the defendant invites any error in the imposition of that no-contact order when imposed attendant to a prison term on the same count even if there is no jointly recommended prison sentence. *Id.* at ¶ 27, citing *State v. Clark*, 2022-Ohio-2801, ¶ 13 (2d Dist.), and *State v. Marcum*, 2013-Ohio-2189, ¶ 11 (4th Dist.). *Smith's* conclusion, however, directly contradicted binding precedent in this district — that a defendant's agreement to a no-contact order as part of a plea deal does "not vest the [trial] court with authority to sentence" the offender to both a prison term and a term of community control for the same felony count irrespective of the agreement. *State v. Nelson*, 2020-Ohio-6993, ¶ 11 (8th Dist.), citing *Anderson* at ¶ 10-12 and *State v. Cody*, 2016-Ohio-7785, ¶ 21 (8th Dist.). *Nelson* reasoned that a trial court may only impose sentences that are statutorily authorized so that the defendant's agreement to a hybrid sentence cannot override the lack of statutory authorization to impose that sentence. *Id.*; *see also State v. Underwood*, 2010-Ohio-1, ¶ 23 ("[A] sentence is authorized by law only if it comports with all mandatory sentencing provisions.").

{¶ 6} *Smith* and *Nelson* cannot be reconciled. One case holds that a defendant invites any error with the trial court imposing a no-contact order and a prison term for the same offense, and the other says that it cannot be deemed invited error and the illegal portion of the sentence must be vacated. *See, e.g.*, *State v. Amos*, 2014-Ohio-3160, ¶ 7-8 (chastising the appellate court for permitting irreconcilable cases reaching dichotomous conclusions to coexist).

{¶ 7} Compounding the confusion, a divided panel recently concluded that any error in the imposition of a hybrid sentence is not invited error, but instead is subject to plain-error analysis if the offender fails to object to the unauthorized sentence. *See generally Reeder*, 2025-Ohio-110. In *Reeder,* the lead opinion applied *Smith's* invited-error holding, but in the alternative found that because the offender failed to object to the no-contact order, which was part of the plea agreement, he waived all but plain error. *Id.* at ¶ 14. The concurrence disagreed with the invited-error approach, but agreed that an offender must demonstrate prejudice from the imposition of a hybrid sentence, even though that sentence is expressly precluded under binding precedent. *Id.* at ¶ 32-33 (Keough, J., concurring in judgment only). Thus, a plurality agreed that plain-error analysis applies when an offender fails to object to an unauthorized, hybrid sentence. Notwithstanding the disagreement with the invited-error approach, the separate concurring opinion in *Reeder* agreed that because the offender "received the sentence that he and his counsel specifically bargained for, including the no-contact order[,]" that no plain error existed because the defendant was not prejudiced by the additional sanction. Both the lead and separate analysis incorporated the invited-error doctrine into the plain-error standard despite *Nelson*.

{¶ 8} Further complicating matters is the *Reeder* plurality's handling of another decision from this district. The plurality in *Reeder* attempted to distinguish *State v. Dowdell*, 2022-Ohio-2956, ¶ 15, on the issue of whether a trial

court plainly errs by imposing jointly recommended sentences that are not authorized by statute. In *Dowdell*, the divided majority concluded that although the State agreed to a definite sentence under R.C. 2929.14 for a qualifying felony offense as part of the plea deal with the defendant, despite the offense being subject to the Reagan Tokes Law that requires a non-life indefinite sentence under R.C. 2929.144, the definite sentence was nonetheless contrary to law and resentencing was required. In other words, despite the State inviting the error and failing to discuss, much less demonstrate, prejudice under the plain-error standard, the *Dowdell* panel nonetheless reversed, concluding that plain error existed based on the imposition of an unauthorized sentence, and the matter was remanded for a new sentencing to incorporate the non-life indefinite sentences contrary to the State's prior agreement. *Id.*

{¶ 9} In essence, *Dowdell* concluded that the State is not required to abide by the terms of its plea agreement. *Reeder* concluded the opposite and held that the defendant is required to adhere to his plea agreement regardless of whether the trial court has authorization to impose the disputed sentence. *Id.* at ¶ 18, 33. Once again, those two decisions are irreconcilable. *See Amos,* 2014-Ohio-3160, at ¶ 7-8.

{¶ 10} *Reeder* disregarded *Smith's* invited-error approach and established that in situations in which a defendant (not the State) agrees to a no-contact order as part of the plea deal and a prison sentence is imposed, the plain-error standard applies but a defendant will be unable to demonstrate prejudice based on his

agreement to the sanction. If the State agrees to an unauthorized sentence as part of the plea deal, however, the standard is not plain error but de novo statutory review. *See Dowdell* at ¶ 9 (overruling the defendant's argument that the State waived the right to challenge the definite sentence not authorized by R.C. 2929.144 concluding that any error in imposing an unauthorized sentence is plain error). That conflict in application between those two cases need not be resolved in this appeal. Because *Smith* conflicts with *Nelson* and the *Reeder* plurality applied the plain-error standard of review, *Reeder* controls.

{¶ 11} Plain error is a well-established standard. An offender must demonstrate both an obvious error and prejudice caused by that error. *State v. Rogers,* 2015-Ohio-2459, ¶ 22-23; *State v. Mosby*, 2024-Ohio-5210, ¶ 24 (8th Dist.), citing *State v. Payne*, 2007-Ohio-4642, ¶ 17 ("To prevail under a plain error analysis, the appellant bears the burden of demonstrating that, but for the error, the outcome of the trial would clearly have been different."). In this case there is little doubt that error occurred. The trial court imposed a hybrid sentence that is not authorized under *Anderson,* 2015-Ohio-2089, at ¶ 31.

{¶ 12} The tension between *Reeder* and *Dowdell* cannot be ignored for the purposes of the plain-error analysis. The disparate outcome in cases with identical procedural histories creates precedent permitting panels to disregard the parties' agreement if the State benefits. Consistency in the application of legal doctrine is just as crucial to the perception of the judiciary as an unbiased arbitrator of disputes as is the uniform recitation of the legal standards. *See Amos*, 2014-Ohio-3160, at

¶ 7-8. Because the fractured majority in *Reeder* established that plain error applies in this situation, this panel has discretion to recognize and remediate the error.

{¶ 13} The imposition of the no-contact order attendant to the prison sentence on the same felony offense is not authorized by statute and constitutes plain error. *Dowdell* at ¶ 9. It would be a manifest miscarriage of justice to once again deny the defendant the relief granted to the State in *Dowdell*. Consistent with *Nelson* and *Dowdell*, the no-contact order imposed in this case cannot stand and is hereby vacated.

{¶ 14} Based on the foregoing, the imposition of the no-contact order is reversed and vacated. The matter is remanded solely for the purpose of removing the no-contact order as a condition of the final sentence. All other aspects of the convictions and sentences remain in effect.

{¶ 15} Vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)